15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Connie GAMBLE, Special Administratrix to the Estate of
William Hesse, Plaintiff-Appellee,
v.
John MORAN, Sheriff, and Gordon Yach; Las Vegas
Metropolitan Police Department; County of Clark, NV.; the
City of Las Vegas; Two Unnamed Corrections Officers and
Kenneth O'Rourke, Defendant-Appellant.
 No. 92-16545.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Nov. 2, 1993.
Submitted Nov. 9, 1993.
Decided Feb. 8, 1994.
 
 Before: CHOY, CANBY and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth O'Rourke, an officer at the Clark County Detention Center (CCDC) and one of several defendants in this action brought pursuant to 42 U.S.C. Sec. 1983, appeals from the district court's denial of his motion for summary judgment in which he asserted the defense of qualified immunity.[1] Appellee Connie Gamble, administratrix of the estate of the original plaintiff William Hesse, asserts that O'Rourke's appeal is untimely and that this court therefore lacks jurisdiction over the appeal. We have jurisdiction and reverse.
 
 BACKGROUND
 
 3
 William Hesse was arrested for a parole violation on March 31, 1988 and placed in detention in the CCDC on the evening of April 1. Two days later, while still incarcerated, Hesse was discovered to have suffered a four-part hip fracture.[2]
 
 
 4
 Hesse subsequently filed this action, alleging that an unidentified CCDC officer had pushed him, causing him to fall and break his hip. He claims violation of his rights under the Fourth and Eighth Amendments made binding on the States through the due process clause of the Fourteenth Amendment. The complaint was later amended to allege that O'Rourke was the officer who had pushed Hesse. O'Rourke moved for summary judgment, asserting that: (1) no genuine issue of material fact exists as to O'Rourke's noninvolvement in the alleged shoving because Hesse had described his seventh-floor cell as the site of the incident and O'Rourke was never in the seventh-floor cell;[3] and (2) even if O'Rourke had pushed Hesse, his actions were protected under the doctrine of qualified immunity.
 
 I. JURISDICTION
 
 5
 The district court filed its order denying O'Rourke's motion on July 2, 1992. The clerk entered and served the order on July 6. On July 20, defendants filed and served a motion for reconsideration of the court's July 2 order. This second motion was denied on August 18, 1992. Defendants then filed a notice of appeal from the denial of summary judgment on August 31.
 
 
 6
 An order denying summary judgment on the issue of qualified immunity is appealable as a final decision under 28 U.S.C. Sec. 1291. See Mitchell v. Forsyth, 472 U.S. 511, 524-30 (1985). Gamble argues that we lack jurisdiction in this case because O'Rourke's notice of appeal was not filed within thirty days after the district court denied his motion for summary judgment, as required by Fed.R.App.P. 4(a)(1). Gamble further argues that O'Rourke's motion for reconsideration of the denial order could not toll the Rule 4(a)(1) time limit because it is not one of the specific tolling motions listed in Rule 4(a)(4)(i)-(iv).[4] We conclude that O'Rourke's appeal is timely.
 
 
 7
 A timely motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure tolls the period for filing a notice of appeal. Fed.R.App.P. 4(a). We consider O'Rourke's motion for reconsideration to have been made under Rule 59(e) even though it raised no new grounds, but merely rehashed his arguments from the motion for summary judgment; his failure specifically to invoke Rule 59(e) does not preclude the motion for reconsideration from tolling the time to appeal. Sierra On-Line, Inc. v. Phoenix Software, 739 F.2d 1415, 1419 (9th Cir.1984). Thus, if the motion for reconsideration, construed as a motion to alter or amend the judgment under Rule 59(e), was timely filed, then the notice of appeal was timely as well.
 
 
 8
 A motion to alter or amend a judgment must be served not later than 10 days after entry of the judgment. Fed.R.Civ.P. 59(e). The order denying O'Rourke's motion was entered on July 6. Excluding the date of entry and intermediate Saturdays and Sundays pursuant to Fed.R.Civ.P. 6(a), the tenth day after the entry of the order was July 20, the day on which Gamble served her motion for reconsideration. The motion for reconsideration was timely and tolled the period for filing a notice of appeal. We therefore have jurisdiction over this appeal.
 
 II. QUALIFIED IMMUNITY
 
 9
 We review de novo a district court's denial of summary judgment on the issue of qualified immunity. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity, being an immunity from suit as well as a defense to ultimate liability, is to be resolved at the earliest possible stage of litigation. Hunter v. Bryant, 112 S.Ct. 534, 536 (1991).
 
 A.
 
 10
 Gamble alleges that O'Rourke violated (1) Hesse's Fourth Amendment right, as a pretrial detainee, to be free from the use of unreasonable force and (2) Hesse's Eighth Amendment right to be free from unnecessary and wanton infliction of pain. O'Rourke argues that, as a convicted criminal in detention following an arrest for parole violations, Hesse had no Fourth Amendment right to be free from the use of unreasonable force, and that only the more stringent Eighth Amendment standard can be used to decide the issue of qualified immunity.
 
 
 11
 Because we find that O'Rourke is protected by the qualified immunity doctrine even under the less stringent Fourth Amendment "reasonableness" standard, we need not decide whether Hesse had only an Eighth Amendment right to be free of unnecessary and wanton force during his detention.[5]
 
 B.
 
 12
 In Fourth Amendment unreasonable force claims, the legal question whether an objectively reasonable officer in the defendant's position would have believed his conduct not to be violative of clearly established federal rights must be predicated upon factual determinations regarding what actually transpired during the incident giving rise to the claim. See Act Up!/Portland, 988 F.2d 868, 873 (9th Cir.1993). If, viewing the facts in the light most favorable to the plaintiff, a reasonable jury could not find facts sufficient to support the legal conclusion that the officer's conduct was objectively unreasonable, it follows that summary judgment on the issue of qualified immunity is appropriate. Cf. Hopkins v. Andaya, 958 F.2d 881, 885 n. 3 (9th Cir.1992) (declining to address the issue of qualified immunity separate from that of summary judgment on the merits because "the qualified immunity inquiry is the same as the inquiry made on the merits.")
 
 
 13
 Hesse was incarcerated in a cell on the seventh floor of the CCDC on April 1, 1988. During the early morning hours of April 2, Hesse repeatedly rang the emergency button in his cell, thereby summoning corrections officers to the cell. At one point he tried forcibly to exit his cell. CCDC records also indicate Hesse was hallucinating and acting strangely. At 11:30 p.m., April 2, Hesse was transferred to a cell in the CCDC's "close observation" unit located on the second floor of the CCDC. Again, throughout the night and early morning hours of April 3, Hesse was described as hallucinating and suffering from gross tremors. At approximately 4:05 p.m. on April 3, Officer O'Rourke discovered Hesse lying on the floor of his second-floor cell. At approximately 4:45 p.m. O'Rourke summoned medical personnel to evaluate Hesse.
 
 
 14
 Hesse's amended complaint, supported by his deposition, alleges that Officer O'Rourke caused Hesse's hip fracture by pushing Hesse into his bunk when O'Rourke responded to Hesse's pushing of the emergency button in his cell. The second-floor cell in which O'Rourke discovered Hesse, however, was not equipped with an emergency button. O'Rourke asserts that because the emergency button was located in the seventh-floor cell, the shove must have occurred, if at all, on the seventh floor. Moreover, because he had not been on duty on the seventh floor when Hesse was there, O'Rourke contends that no reasonable juror could conclude that he was the officer who shoved Hesse. Thus, O'Rourke argues, no reasonable juror could conclude that he deprived Hesse of a Fourth Amendment right to be free from unreasonable force.
 
 
 15
 Gamble, pursuing this action as special administratrix of Hesse's estate, produced an expert witness who speculated that the shove must have occurred on the second floor because Hesse was not injured at the time that he was moved to the second floor. The expert concluded that the move could not have been accomplished with Hesse's injuries. In this witness's opinion, Hesse's complaint is substantially correct except for the alleged location of the shove. Gamble's witness then surmised that O'Rourke must have been the officer who shoved Hesse because (1) O'Rourke matches Hesse's description of the officer who shoved him in some respects and (2) O'Rourke, having observed Hesse in his cell at 4:05 p.m. did not summon help until 4:45 p.m. (a lapse supposedly explained by the speculation that O'Rourke shoved Hesse at 4:05 and initially did not realize how badly he had injured Hesse).
 
 
 16
 On summary judgment, we must resolve all factual disputes in favor of the person opposing the motion. We are entitled, however, to take Hesse's own sworn statements at face value. A party cannot create a genuine dispute of material fact by contradicting his own testimony. Radobenko v. Automated Equip. Corp., 520 F.2d 540, 543-44 (9th Cir.1975). Hesse testified that, after ringing the emergency button of his seventh-floor cell several times, causing officers to respond, he was pushed and injured by an officer who in some respects fit O'Rourke's description but who had a "spikey" hair style, which O'Rourke did not.
 
 
 17
 Hesse did not directly controvert the statements of officers that he had to be restrained from forcibly leaving his cell. Nor did Hesse offer any details on the circumstances in which he was pushed.
 
 
 18
 On this state of the evidence, a finding that O'Rourke should reasonably have known that he was violating Hesse's clearly established constitutional rights would have to be built impermissibly "on the gossamer threads of whimsy, speculation and conjecture." Hahn v. Sargent, 523 F.2d 461, 467 (9th Cir.1975).[6] Hesse testified that the shove causing his injury occurred in the first cell to which he was brought, which was on the seventh floor. O'Rourke's evidence that he was not on that floor on the night in issue is uncontroverted.
 
 
 19
 Even if, contrary to Hesse's testimony, the injury did occur on the second floor, there is no evidence in the record from which a jury could make any conclusion as to whether the circumstances of the shove indicated that the shove was an unreasonable use of force. Indeed, there is no evidence at all, beyond speculation, as to what may have transpired during the alleged shove. Without more, the record could not support a finding that O'Rourke's use of force in shoving Hesse, if such a shove indeed occurred, was unreasonable. O'Rourke therefore is entitled to summary judgment on his qualified immunity claim.
 
 CONCLUSION
 
 20
 The order of the district court denying O'Rourke's motion for summary judgment is REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The notice of appeal specifies several appellants, but O'Rourke brought the motion asserting qualified immunity, and only his immunity is argued on appeal
 
 
 [2]
 The subsequent death of William Hesse is not alleged to be related to any injury he suffered during incarceration
 
 
 [3]
 Hesse had originally been placed in a cell on the seventh floor of the CCDC. He had been moved to a cell on the second floor the evening before the afternoon on which O'Rourke discovered him with the broken hip in the second-floor cell
 
 
 [4]
 O'Rourke takes the position that the thirty-day limit of Rule 4(a)(1) does not apply to interlocutory appeals from denials of motions for summary judgment on the issue of qualified immunity. In light of our ruling that O'Rourke's appeal was timely under Rule 4(a)(1), we need not address that contention
 
 
 [5]
 In Graham v. Connor, the Supreme Court clarified that it is the Fourth Amendment that is implicated when an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen and the Eighth Amendment that is implicated when an excessive force claim arises in the context of post-conviction prison encounter. 490 U.S. 386, 393-95 & n. 10 (1989). The Court reserved the question of whether it is the Fourth or the Eighth amendment standard that applies to excessive force claims that arise in the context of pretrial detention
 
 
 [6]
 We note also that this is not an instance where the original affiant seeks to clarify his own confused earlier deposition testimony. Cf. Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th Cir.1991). Hesse, being deceased, is not available to attempt to explain the inconsistency between his affidavit and his expert's later speculation that Officer O'Rourke, who was never identified by Hesse, must have pushed Hesse in the second floor cell